IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL JACOBS,** | : | **Civil No. 1:17-cv-0904** |
| **Plaintiff,** | : | |
| v. | : | |
| **COUNTY OF YORK, et al.,** | : | |
| **Defendants.** | : | **Judge Sylvia H. Rambo** |

## **M E M O R A N D U M**

Before the court is a motion for reconsideration of the court's March 18, 2019 memorandum and order adopting the magistrate judge's report and recommendation. (Doc. 23.) In the motion, Jacobs indicates that the court failed to consider objections he filed to the report and recommendation in an "Affidavit" on March 23, 2018. (*See* Doc. 17.) After reviewing those objections, the court finds that they lack merit and will therefore deny the motion for reconsideration.

**I.  Discussion**

In the affidavit, Jacobs sets forth several reasons why the report and recommendation should be rejected: 1) he did not consent to a magistrate judge presiding over his case; 2) the magistrate judge misinterpreted his complaint and recommended dismissal pursuant to inapplicable law; 3) he did not have a chance to conduct discovery; and 4) the magistrate judge should not have deemed his pending motions moot. (*See generally id.*)

### a) Jurisdiction of magistrate judge

This case was assigned to the undersigned judge who designated a magistrate judge to screen the case. Pursuant to 28 U.S.C. § 636(b)(1), the magistrate judge properly exercised his powers in this case. *See also* M.D.L.R. 72.1, 72.2 & 72.3.

### b) The magistrate judge's report and recommendation

As the magistrate judge detailed in his report and recommendation, Plaintiff was convicted of murdering his then-girlfriend and their seven-month-old daughter in 1992. At trial, Plaintiff denied killing his daughter but admitted to killing his girlfriend. He was found guilty of two counts of first-degree murder and was sentenced to death for the murder of his girlfriend and to life imprisonment for the murder of his daughter. In 2001, Plaintiff filed a habeas corpus petition in this court pursuant to 28 U.S.C. § 2254, asserting fifteen claims for relief. Ultimately, a new trial on the charge of his girlfriend's murder was granted. Plaintiff was then found incompetent to stand trial from March 2009 through September 2016. Proceedings have now resumed, but his new trial for the charge of murdering his girlfriend has not yet occurred.

With that background, Plaintiff has brought the present action against twelve defendants, including his court appointed attorney, the warden of York County

Prison, a York County Common Pleas Judge, and the York County District Attorney. (See Doc. 1.) In his complaint, he alleges five counts:

> (1) "Access of Courts and Freedom of Expression Deprivation in Violation of the First and Fourteenth Amendments" against Defendants Floyd, Marshall, Hoffman, Kessel, and Ness (Doc. 1, ¶ 127);
>
> (2) "False Imprisonment and Illegal Search and Seizure in Violation of the Fourth and Fourteenth Amendment" against Defendants Floyd, Marshall, Kessel, Barker, Kearney, Ness, Rudd, Sabel, and Reihart (Doc. 1, ¶ 135);
>
> (3) "Deprivation of a Choice to Remain Silent in Violation of the Fifth and Fourteenth Amendments" against Defendants Marshall, Kessel, Ness, Sabel, and Rudd (Doc. 1, ¶ 144);
>
> (4) "Deprivation of the Constitutional Rights to a Fair and Speedy Trial and Self Representation" against all named Defendants (Doc. 1,¶ 154); and
>
> (5) "[T]he Right to be Free from Cruel and Unusual Punishment in Violation of the Eighth Amendment" against Defendants Floyd, Marshall, Hoffman, Kessel, Barker, Ness, and Rotenberg (Doc. 1, ¶ 170).

In his prayer for relief, Plaintiff requests a declaration that his constitutional rights were violated and seeks a series of preliminary and permanent injunctions against the state court, prison officials and other defendants, in addition to compensatory and punitive damages. (*See* Doc. 1, ¶¶ 187-92.)

The magistrate judge properly concluded that Plaintiff's request for an injunction involving the pendant state case would run afoul of the *Younger* Abstention Doctrine. As the magistrate judge explained, there are ongoing state

proceedings in this case and those proceedings will afford Plaintiff a full and fair opportunity to litigate many of the issues raised in this lawsuit. It is also clear that the state proceedings implicate important state interests, namely, the right to enforce state criminal law. Accordingly, abstention is proper in this case.

Furthermore, a civil rights action against state officials based upon a state criminal action in which the plaintiff did not receive a favorable outcome is impermissible under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Until such time as Plaintiff receives a favorable outcome in the underlying state case, a § 1983 claim arising from the state criminal conviction must fail.

### c) Remaining arguments

Plaintiff's remaining arguments are meritless. As the complaint did not survive the screening procedures set forth in 28 U.S.C. § 1915(e), Plaintiff was not entitled to seek discovery and his outstanding motions were properly deemed moot.

## II. Conclusion

For the reasons set forth above, the motion for reconsideration will be denied.

                                    s/Sylvia H. Rambo
                                    SYLVIA H. RAMBO
                                    United States District Judge

Dated: April 25, 2019